United States District Court
Southern District of Texas
**ENTERED**
October 01, 2023
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **PRISCILLA GARCIA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 2:22-CV-00219** |
| | § | |
| **OCEANS HEALTHCARE, L.L.C.,** | § | |
| | § | |
| **Defendant.** | § | |

### <u>MEMORADUM OPINION AND ORDER</u>

Plaintiff Priscilla Garcia began working for Defendant Oceans Healthcare, L.L.C. in September 2020 as a registered nurse. The sole caretaker of her mother who suffers from cirrhosis of the liver, Garcia began taking a few days off every month in preparation for her mother's liver transplant. In October 2021, Garcia was fired from her position at Oceans Healthcare. Garcia alleges that she was wrongfully terminated under theories of associational disability discrimination and retaliation. Oceans Healthcare contends that she was terminated for failing to show up for her scheduled shift without giving prior notice.

Pending before the Court is Defendant's Rule 12(b)(6) Motion to Dismiss. (Dkt. No. 16). For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion.

## I.   BACKGROUND[1]

In September 2020, Plaintiff Priscilla Garcia started working for Defendant Oceans Healthcare L.L.C. as a registered nurse in the Corpus Christi branch.  (Dkt. No. 9 at 3). Garcia is the sole caretaker of her mother, who suffers from liver cirrhosis.  (*Id.*).  Garcia alleges that the Director of Nursing at Oceans Healthcare and many of her co-workers were aware of her mother's condition.  (*Id.*).

Beginning in May 2021, Garcia started taking her mother to San Antonio for medical care.  (*Id.*).  Around the same time, Garcia started to plan for her husband to donate a portion of his liver to her mother.  (*Id.*).  Garcia alleges that she discussed her mother's condition and liver transplant with her supervisors at Oceans Healthcare, including the Director of Nursing.  (*Id.*).  Specifically, Garcia alleges she communicated that she would need to take two to three days off every month to take her mother and husband to their medical appointments to prepare for the procedure.  (*Id.*).

Garcia took three days off in June 2021, one day off in September 2021, and two days off in October 2021 without any issues.  (*Id.*).  However, conflict later arose in October 2021, when Garcia needed two additional days off to take her husband to a liver donor evaluation as part of her mother's ongoing treatment.  (*Id.* at 4).  Garcia alleges that in accordance with Oceans Healthcare's time-off policy, she requested the days off at least two weeks in advance.  (*Id.*).  However, when Garcia did not receive either an approval

---

[1]   For purposes of addressing this Motion, the Court accepts all factual allegations in the Complaint as true and views them in the light most favorable to Garcia.  *See White v. U.S. Corr., L.L.C.*, 996 F.3d 302, 306–07 (5th Cir. 2021).

or a denial for her leave request by October 25, Garcia approached the Director of Nursing to follow up.  (*Id.*).  The Director of Nursing informed Garcia that the time off would be approved.  (*Id.*).  Garcia alleges that later that day, Garcia received a text message from Oceans Healthcare's HR Department approving her leave request.  (*Id.*).

But on October 27, when Garcia was allegedly taking her approved leave, she received a text message from her administrator asking if she was going to make it in for her shift that day.  (*Id.*).  She added that Oceans Healthcare has a zero-tolerance policy for no-call-no-shows.  (*Id.*).  Garcia explained that she was on leave, but her administrator would not discuss the matter with her.  (*Id.* at 5).  Garcia contacted HR, who told her she was being terminated for failing to show up to her shift without giving prior notice.  (*Id.*).  Garcia was formally terminated from Oceans Healthcare the next day.  (*Id.*).

On September 21, 2022, Garcia filed suit against Oceans Healthcare asserting that she was wrongfully terminated in violation of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and the Family and Medical Leave Act ("FMLA").  (*See* Dkt. No. 1); (Dkt. No. 9).  Pending before the Court is Oceans Healthcare's Motion to Dismiss.  (Dkt. No. 16).  With briefing complete, the Motion is ripe for review.

## II.   LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss for "failure to state a claim upon which relief can be granted."  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands

more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937,

1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct.

1955, 1964, 167 L.Ed.2d 929 (2007)). "Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Id*. The defendant, as

the moving party, bears the burden of proving that no legally cognizable claim for relief

exists. *Flores v. Morehead Dotts Rybak, Inc.*, No. 2:21-CV-00265, 2022 WL 4740076, at *2

(S.D. Tex. Sept. 29, 2022) (citing 5B Charles Alan Wright & Arthur R. Miller, Federal

Practice and Procedure § 1357 (3d ed.)).

In reviewing a Rule 12(b)(6) motion to dismiss, a court must accept the plaintiff's

factual allegations as true and view those allegations in the light most favorable to the

plaintiff. *White v. U.S. Corrections, L.L.C.*, 996 F.3d 302, 306–07 (5th Cir. 2021). The court

must evaluate whether the complaint contains "sufficient factual matter, accepted as true,

to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. at

1949 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility

standard is not akin to a 'probability requirement,' but it asks for more than a sheer

possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 570,

127 S.Ct. at 1974). "Dismissal . . . is appropriate where the plaintiff fails to allege 'enough

facts to state a claim to relief that is plausible on its face' and thus does not 'raise a right

to relief above the speculative level.'" *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d

145, 148 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965).

## III.     DISCUSSION

In her First Amended Complaint, Garcia raises four claims: (1) a claim for associational disability discrimination under the ADA; (2) a claim for associational disability discrimination under the Rehabilitation Act; (3) a claim for retaliation under the ADA; and (4) a claim for violation of the FMLA.  (Dkt. No. 9 at 5–8).  Oceans Healthcare moves to dismiss each claim.  (*See* Dkt. No. 16 at 4–13).

### A.     ASSOCIATIONAL DISABILITY DISCRIMINATION UNDER THE ADA

Garcia asserts that she satisfies all the elements of an associational disability discrimination claim, and that Oceans Healthcare's reason for terminating her is pretextual.  (Dkt. No. 9 at 5–6).  In its Motion to Dismiss, Oceans Healthcare argues that Garcia's claim fails because the Fifth Circuit has never recognized the existence of an associational disability discrimination claim.  (Dkt. No. 16 at 5–6).  Moreover, Oceans Healthcare contends that even if such a claim was cognizable, Garcia has not alleged any facts to support a prima facie case of such discrimination.  (*Id*. at 6–8).  More specifically, Oceans Healthcare argues that (1) Garcia has failed to allege any facts showing that her mother's disability was a determining factor in her termination, (2) she is unable to allege such facts because on October 27 when she did not show up for her shift, she was at an appointment for her husband, not her mother, and (3) Garcia makes no allegations that the decisionmakers at Oceans Healthcare made any negative comments about her mother's disability.  (Dkt. No. 16 at 7–8).

Garcia responds that the statutory language of the ADA allows someone who is associated with a disabled person to bring a discrimination claim.  (Dkt. No. 18 at 5–6).

She further contends that nearly all the Circuits recognize an associational disability discrimination cause of action, the Fifth Circuit has neither recognized nor foreclosed such a cause of action, and district courts within the Fifth Circuit have recognized such a cause of action.  (*Id.* at 6–13).  Garcia maintains that she has properly pleaded a prima facie case for associational disability discrimination.  (*Id.* at 15).  Garcia argues that she was terminated under circumstances that give rise to a reasonable inference that her mother's disability was a determining factor in the decision.  (*Id.* at 15–17).  Oceans Healthcare replies that Garcia has not made any allegations that would give rise to a reasonable inference that her mother's disability itself was a determining factor in her termination.  (Dkt. No. 19 at 6–8).  The Court agrees with Oceans Healthcare.

The ADA prohibits an employer from discriminating against an employee as a result of "the known disability of an individual with whom [the employee] is known to have a relationship or association[.]" 42 U.S.C. § 12112(b)(4).  This statutory language has been found by the Second, Sixth, Tenth, and Eleventh Circuits to create an independent cause of action for associational disability discrimination.  *See Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 432 (2d Cir. 2016); *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486–87 (6th Cir. 2011); *Den Hartog v. Wasatch Acad.*, 129 F.3d 1076, 1084–85 (10th Cir. 1997); *Hilburn v. Murata Elecs. N. Am., Inc.*, 181 F.3d 1220, 1230–31 (11th Cir. 1999).

The Fifth Circuit, however, has "not explicitly recognized a cause of action for discrimination based on association with a handicapped individual . . . nor described what such a claim requires." *Grimes v. Wal-Mart Stores Tex., L.L.C.*, 505 F.App'x 376, 380 n.1 (5th Cir. 2013) (per curiam); *see also Besser v. Tex. Gen. Land Off.*, 834 F.App'x 876, 886

(5th Cir. 2020) (per curiam); *Spencer v FEI, Inc.*, 725 F.App'x 263, 267 (5th Cir. 2018) (per curiam).  District courts within the Fifth Circuit appear split on whether a cause of action for associational disability discrimination is cognizable.  *Compare Hartman v. Lafourche Par. Hosp.*, 262 F.Supp.3d 391, 398–99 (E.D. La. 2017) (recognizing a cause of action for associational disability discrimination), *and Spinks v. TruGreen Landcare, L.L.C.*, 322 F.Supp.2d 784, 795 (S.D. Tex. 2004) (same), *with Balachandran v. Valvtechnologies, Inc.*, No. 4:20-CV-01078, 2021 WL 3639806, at *2 (S.D. Tex. July 30, 2021) (declining to recognize a cause of action for associational disability discrimination), *and Roth v. Canon Sols. Am., Inc.*, No. 3:18-CV-02196, 2019 WL 4597583, at *5 (N.D. Tex. Sept. 23, 2019) (same).

Although the Fifth Circuit has declined to formally adopt an associational disability discrimination cause of action, it has stated that if such a cause of action were to exist:

> A prima facie case of associational discrimination would require that the Plaintiff show (1) her qualification for the job, (2) an adverse employment action, (3) the employer's knowledge of the employee's disabled relative, and (4) that the adverse employment action occurred under circumstances raising a reasonable inference that the relative's disability was a determining factor in the employer's adverse action.

*Grimes*, 505 F.App'x at 380.  The Parties in this case focus on the fourth element, *i.e.*, whether Garcia has asserted any facts that raise a reasonable inference that her mother's alleged disability was a determining factor in her termination.  To create a reasonable inference that her mother's disability was a determining factor, Garcia points to the

temporal proximity between her taking leave and her termination.  (Dkt. No. 9 at 6); (Dkt. No. 18 at 16–17).

The Court finds that Garcia's purported facts do not create a reasonable inference that her mother's alleged disability was a determining factor in Oceans Healthcare's decision to terminate her.   First, Garcia's reliance on temporal proximity alone is insufficient to show that her mother's alleged disability was a determining factor in her termination.  Generally, being fired one day after taking leave, as is the case here, would be sufficient evidence of causality to establish a prima facie case.  *See Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273, 121 S.Ct. 1508, 1511, 149 L.Ed.2d 509 (2001) (explaining that temporal proximity alone can suffice if the protected activity and adverse employment action are "very close").  But temporal proximity is gauged between a *protected activity* and an adverse employment action.  *Id.*  On October 27, Garcia took leave to care for her *non-disabled* husband.  (Dkt. No. 9 at 4).  This activity is not a protected activity under the ADA.  Because Ocean's Healthcare was not obliged to agree to Garcia's time-off request, that request could not be a protected activity under the ADA.  Therefore, the temporal proximity between an *unprotected activity* and Garcia's termination cannot suggest that her mother's disability was a determining factor in her termination.

Second, to determine whether a relative's alleged disability was a determining factor in a plaintiff's termination, courts generally look for some indication of negative animus.  *See e.g.*, *Gomez v. Off. Ally, Inc.*, 796 F.App'x 224, 225–26 (5th Cir. 2020) (per curiam); *Spinks*, 322 F.Supp.2d at 795–96 (focusing on the fact the plaintiff's employer never made any comments regarding plaintiff's disabled sister or daughter, or their

ailments); *Murphy v. Univ. Health Shreveport, LLC*, No. 5:20-CV-00614, 2022 WL 277347, at *8 (W.D. La. Jan. 27, 2022) (finding that the plaintiff did not allege that her employer made any negative comments about plaintiff's disabled son).  Here, Garcia's First Amended Complaint is devoid of any allegations that any of the decisionmakers at Oceans Healthcare made negative comments about her mother's alleged disability.  (*See* Dkt. No. 9).  The Court finds that Garcia has failed to assert a legally cognizable claim for associational disability discrimination under the ADA.

B.   ASSOCIATIONAL DISABILITY DISCRIMINATION UNDER THE REHABILITATION ACT

In her First Amended Complaint, Garcia raises a claim for associational disability discrimination under the Rehabilitation Act, codified at 29 U.S.C. §§ 701–97.  (Dkt. No. 9 at 6–7).  In its Motion to Dismiss, Oceans Healthcare argues that Garcia's associational disability discrimination claim under the Rehabilitation Act suffers from the same defect that her ADA claim does—Garcia has not shown that her mother's disability was a determining factor in her termination.  (Dkt. No. 16 at 8–10).  The Court agrees with Oceans Healthcare.

Under the Rehabilitation Act's nondiscrimination provision: "No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial

assistance or under any program or activity conducted by any Executive agency[.]"[2]  29 U.S.C. § 794(a).  The Rehabilitation Act and the ADA define the term "disability" in "substantially the same terms[.]"   *Espina v. City of San Antonio*, No. 5:21-CV-01176, 2022 WL 3362286, at *4 (W.D. Tex. Aug. 15, 2022) (citations omitted).  Accordingly, Garcia extends the concept of associational disability discrimination found in the ADA to her Rehabilitation Act claim.  (Dkt. No. 18 at 17–18).

"A prima facie case of discrimination under the Rehabilitation Act is operationally identical to the test under the Americans with Disabilities Act (ADA)[.]"  *Espina*, 2022 WL 3362286, at *4 (citation omitted). "The only additional requirement for a Rehabilitation Act cause of action is the alleged discrimination must be solely by reason of the disability, instead of just a motivating factor as is required by the ADA."  *Id.* (citations omitted); *see also Longoria v. Via Metro. Transit*, No. 5:21-CV-01171, 2022 WL 1445396, at *12 (W.D. Tex. May 6, 2022) ("To the extent that the Rehabilitation Act allows claims of associational discrimination . . . such a claim requires a showing that the adverse actions were solely caused by an association with a disabled person." (internal quotations omitted)).

As discussed previously, Garcia fails to allege that her association with an allegedly disabled relative—her mother—was a determining factor in her termination, let alone the sole factor.  *Franklin v. Union Pac. R.R. Co.*, No. 5:17-CV-00020, 2018 WL 8576557,

---

[2]     Notably, the briefing from both Parties is devoid of any information about whether Oceans Healthcare is subject to the requirements of the Rehabilitation Act—namely whether Oceans Healthcare receives federal funding.  For purposes of this Motion, the Court will assume that as a public hospital Oceans Healthcare receives federal funding and is therefore subject to the provisions of the Rehabilitation Act.

at *11 (W.D. Tex. May 15, 2018).  Accordingly, Garcia has failed to state a claim upon which relief can be granted.

### C. RETALIATION UNDER THE ADA

In her First Amended Complaint, Garcia raises a claim for retaliation under the ADA.  (Dkt. No. 9 at 5–6).  In its Motion to Dismiss, Oceans Healthcare argues that Garcia's claim fails because she has not established that she was engaged in an activity protected under ADA.  (Dkt. No. 16 at 10–11).  Garcia responds that she has properly pleaded a claim for retaliation.  (Dkt. No. 18 at 17).  Garcia claims that "she requested leave that her employer knew was for the purpose of assisting her disabled mother . . . she was terminated . . . and there is a connection between the activity and [her] termination[.]"  (*Id.*).  Oceans Healthcare replies that requesting leave for the purpose of caring for a disabled relative is not a protected activity under the ADA.  (Dkt. No. 19 at 9).  The Court agrees with Oceans Healthcare.

The ADA prohibits an employer from retaliating against an employee who seeks to exercise her rights under the ADA.  *See* 42 U.S.C. § 12203(a) ("No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the ADA].").  "To establish a prima facie case of unlawful retaliation under the ADA, the plaintiff must show that: (1) she engaged in an activity protected by the ADA, (2) she suffered an adverse employment action, and (3) there is a causal

connection between the protected activity and the adverse action." *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 304 (5th Cir. 2020).

In this case, the Parties dispute whether Garcia was engaged in a protected activity under the ADA. Protected activities are those statutorily covered by the ADA, including opposing or complaining about discrimination based on disability. *See Besser*, 834 F.App'x at 886–87. Here, Garcia claims she engaged in a protected activity when "she requested leave that her employer knew was for the purpose of assisting her disabled mother[.]" (Dkt. No. 18 at 17). However, the Fifth Circuit has clearly articulated that under the ADA, an employer is under no obligation to provide a non-disabled employee accommodations such as a modified work schedule or allowing them to miss work to care for a disabled relative. *See Besser*, 834 F.App'x at 886–87 (citing 29 C.F.R. § 1630.8). Therefore, the Court finds that Garcia has failed to allege that she engaged in protected activity as required.

### D. VIOLATION OF THE FMLA

In her First Amended Complaint, Garcia raises a claim for violation of the FMLA. (Dkt. No. 9 at 7–8). In its Motion to Dismiss, Oceans Healthcare argues that Garcia's claim under the FMLA fails because Garcia "alleges no facts that she requested, applied for, or took FMLA leave at any point during her employment[.]" (Dkt. No. 16 at 11). Even if she had done so, Oceans Healthcare argues that on October 27, Garcia took leave to care for her husband who does not have a "serious health condition" as is required to be eligible for leave under the FMLA. (*Id.* at 11–13). Garcia responds that by attributing the "serious health condition" requirement to her husband instead of her mother, Oceans

Healthcare misstates her claim.  (Dkt. No. 18 at 18).  Garcia maintains that she has properly pleaded a claim under the FMLA.  (*Id*.).  Oceans Healthcare replies that because Garcia took leave on October 27 for her husband, she must show that her husband has a "serious health condition."  (Dkt. No. 19 at 9–10).

The FMLA entitles an eligible employee to twelve weeks of leave during any twelve-month period "[i]n order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition."  29 U.S.C. § 2612(a)(1)(C).  Further, the FMLA makes it unlawful for any employer to interfere with, restrain, deny, or retaliate against an employee that exercises, or attempts to exercise, her rights under the FMLA.  *See* 29 U.S.C. § 2615(a)(1); *Acker v. Gen. Motors, L.L.C.*, 853 F.3d 784, 788 (5th Cir. 2017).  It is unclear from Garcia's First Amended Complaint whether the alleged FMLA violation occurred because she was entitled to leave under the FMLA and it was denied, or, alternatively, she was retaliated against for rightfully using her FMLA leave.  However, given the Court's obligation at this stage of the litigation to view allegations in the light most favorable to Garcia, the Court will proceed as if Garcia has advanced both claims.

### 1.    FMLA Interference

To establish a prima facie case of FMLA interference, Garcia must show: (1) she was an eligible employee; (2) her employer was subject to FMLA requirements; (3) she was entitled to leave; (4) she gave proper notice of her intention to take FMLA leave; and (5) her employer denied her the benefits to which she was entitled under the FMLA. *Hester v. Bell-Textron, Inc.*, 11 F.4th 301, 306 (5th Cir. 2021).

After careful review, the Court finds that Garcia has alleged a facially plausible claim for FMLA interference.  First, Garcia alleges that she was an eligible employee as defined by the FMLA.  (Dkt. No. 9 at 7).  Second, she claims that Oceans Healthcare was subject to FMLA requirements.  (*Id.*).  Third, Garcia claims that she was entitled to leave because her mother suffered from a serious health condition, and the leave was taken in order to care for her mother.[3]  (*Id.* at 7–8).  Fourth, she asserts that the management of Oceans Healthcare was aware of her mother's medical issues and of her husband's plan to donate a portion of his liver to Garcia's mother, which places Oceans Healthcare on notice of her leave.  (*Id.* at 8).  And fifth, she claims that despite using the proper procedure for requesting leave, she was denied benefits under the FMLA.  (*Id.* at 4–5, 8).

While Oceans Healthcare disputes the validity of some of these alleged facts, they are viewed in Garcia's favor at the motion to dismiss stage.

---

[3]    As mentioned previously, the Parties dispute the significance of Garcia taking leave on October 27 to care for her husband instead of her mother.  The Court finds that, for purposes of FMLA leave, it is immaterial that the leave was to take her husband to an appointment; Garcia only needs to show that her mother has a serious health condition.

The FMLA entitles eligible employees to take leave "[i]n order to care for" certain family members.  *See* 29 U.S.C. § 2612(a)(1)(C).  While the FMLA does not define what "care for" entails, the Fifth Circuit has stated that "caring for a family member with a serious health condition involves some level of participation in ongoing treatment of that condition."  *Baham v. McLane Foodservice, Inc.*, 431 F.App'x 345, 348 (5th Cir. 2011) (per curiam) (quoting *Tellis v. Alaska Airlines, Inc.*, 414 F.3d 1045, 1047 (9th Cir. 2005)) (internal quotation marks omitted).

For example, in *Baham* the Fifth Circuit found that when the plaintiff was mowing his lawn, cleaning his house, and padding the furniture, he was not caring for his daughter under the FMLA.  *Id.* at 349.  In contrast, here, Garcia took leave to take her husband to an evaluation for the ongoing treatment of her mother's liver cirrhosis.  (Dkt. No. 9 at 8).  It was not as though her husband's evaluation offered some incidental benefit to Garcia's mother; her husband's evaluation was an essential step in her mother's ongoing treatment.

### 2.   **FMLA Retaliation**

To establish a prima facie case of retaliation under the FMLA, Garcia must show that "(1) she engaged in protected activity; (2) the employer took a materially adverse action against her; and (3) a causal link exists between her protected activity and the adverse action." *Wheat v. Fla. Par. Juv. Just. Comm'n*, 811 F.3d 702, 705 (5th Cir. 2016).

The Court finds that Garcia has alleged a facially plausible claim for retaliation under the FMLA. First, Garcia alleges she was engaged in a protected activity—taking FMLA leave. (Dkt. No. 9 at 7–8). Second, she alleges that she was terminated. (*Id.* at 8). Third, she alleges that the temporal proximity between her protected activity and her termination is enough to establish a casual link. (*See id.* at 6); *see also Besser*, 834 F.App'x at 884 (stating that that when the temporal proximity is very close, proximity alone suffices to establish causation in a prima facie case of retaliation).[4] These factual allegations are sufficient to survive a 12(b)(6) motion.

## IV.   **CONCLUSION**

Considering the foregoing analysis, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Rule 12(b)(6) Motion to Dismiss. (Dkt. No. 16). The Court **GRANTS** the Motion with respect to the Garcia's ADA and Rehabilitation Act claims and **DENIES** the Motion with respect to Garcia's FMLA claim.

---

[4]   The Court earlier found that the use of temporal proximity for Garcia's ADA claim was insufficient to establish a causal link because taking leave to care for a disabled relative is *not* a protected activity under the ADA. *See supra* Part III.A. The use of temporal proximity to establish a causal link is sufficient for Garcia's FMLA claim because taking FMLA leave in order to care for a relative is a protected activity. *See Clark Cnty. Sch. Dist.*, 532 U.S. at 273, 121 S.Ct. at 1511.

The Court finds that Garcia has failed to plead sufficient facts to support her claims of associational disability discrimination under the ADA and the Rehabilitation Act, as well as her claim for ADA retaliation.  These claims are dismissed without prejudice, and Garcia may amend her Complaint no later than 14 days from the date of this Order in an effort to remedy these deficiencies.  Oceans Healthcare may re-urge dismissal at the summary judgment stage after appropriate discovery.

It is SO ORDERED.

Signed on September 30, 2023.

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**